UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
JEROME E. JORDAN, *pro se*,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Plaintiff,　　　　　　　　　　: **MEMORANDUM AND ORDER**
　　　　　　　　　　　　　　　　　　　　　　　: 08-CV-1041 (DLI)(LB)
　　　　　-against-　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
CITY OF NEW YORK and HUMAN　　　　　　　　　:
RESOURCES ADMINISTRATION,　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Defendants.　　　　　　　　　:
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

　　　　Plaintiff Jerome E. Jordan, appearing *pro se*, brought this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq*. ("Title VII") against defendants the City of New York and the New York City Human Resources Administration ("HRA"). Plaintiff, a former employee of the HRA, claims that the HRA fired him because he filed a complaint with the New York State Division of Human Rights ("SDHR") alleging that a female supervisor falsely accused him of sexual harassment. Defendants now seeks to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that plaintiff's claim is time barred. The sole issue before the court is whether equitable tolling applies. The court finds that it does for purposes of this motion. Accordingly, for the reasons set forth more fully below, defendants' motion is denied.

## BACKGROUND

　　　　In April 2005, plaintiff filed a complaint with the SDHR alleging that a female supervisor at the HRA falsely accused him of sexual harassment. After he filed the complaint, the HRA charged him with sexually harassing a HRA client. Plaintiff maintains that this accusation was

1

also false. The HRA subsequently terminated plaintiff's employment. Plaintiff believed that he was fired in retaliation for filing a complaint with the SDHR. Therefore, he filed a complaint with the Equal Employment Opportunity Commission ("EEOC") about defendants' alleged false accusations and wrongful termination. Plaintiff received the EEOC right-to-sue letter in July 2007.[1] The letter states that "[suit] **must be filed <u>WITHIN 90 DAYS</u>** of [Plaintiff's] receipt of this notice; or [the] right to sue based on this charge will be lost." (EEOC Right-to-Sue letter, dated July 9, 2007, annexed to Compl. (emphasis in original).)

Within one week of receiving the letter, plaintiff submitted it to his attorney's assistant, Louann Gambardella, and requested that a lawsuit be filed in accordance with the letter. According to plaintiff, he followed-up with Ms. Gambardella one week later. She assured him that his case had been filed in the United State District Court for the Eastern District of New York. Plaintiff claims that, thereafter, he contacted Ms. Gambardella on a bi-weekly basis, inquiring about the status of his case. Each time, she assured him that they were just waiting for the court to notify them of a court date and that "these things take time." (Pl.'s Aff. in Opp'n to Defs.' Mot. to Dismiss at 2-3.) Plaintiff further asserts that his attorney, Robert J.

---

[1] According to plaintiff's complaint, he received the EEOC right-to-sue letter on July 3, 2007, which is six days before the date of the letter. (Pl.'s Compl. at 9, Question 12.) In his opposition affidavit, plaintiff states that he received the letter in July 2007, without specifying the exact day. (Pl.'s Aff. in Opp'n to Defs.' Mot. to Dismiss at 2.) For purposes of this motion, the court does not need to identify the exact day in July 2007 on which plaintiff received the letter. It is undisputed that plaintiff filed this suit approximately five months after the limitations period expired. Moreover, plaintiff claims to have diligently pursued his case from the time he received the letter to when he filed this lawsuit. Unless disputed, the court presumes that he received the letter on July 12, 2007, three days after the letter was sent. *See Cohen v. Federal Express Corp.*, 544 F. Supp. 2d. 334, 342 (S.D.N.Y. 2008) (citing *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984) (A presumption exists that an EEOC letter is received three days after its mailing)).

Renna, told him that his case was being handled in a timely manner. (Pl.'s Compl. at 5.) Approximately five months after the ninety-day period had expired, plaintiff inquired directly with the court about the status of his case and learned that his attorney had never filed a complaint. On March 10, 2008, plaintiff initiated this *pro se* action.

## DISCUSSION

### I. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may make a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Rule 12(b)(6), the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court retired the standard set forth half a century ago in *Conley v. Gibson*, that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," in favor of the requirement that plaintiff plead enough facts to "state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. 1955, 1968-69, 1974 (2007) (quoting *Conley*, 355 U.S. 41, 45-46 (1957)). Pursuant to *Twombly*, in order to be facially plausible, a complaint cannot make merely "a formulaic recitation of the elements of a cause of action," but must allege facts that "raise a right of relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." 127 S. Ct. at 1964-65 (citations omitted). The Second Circuit has interpreted this language to "requir[e] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual

allegations in those contexts where such amplification is needed to render the claim plausible," rather than to mandate a "universal standard of heightened fact pleading." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). Plaintiff is proceeding *pro se* and, as such, the court must construe his papers broadly, interpreting them to raise the strongest arguments that they may suggest. *See Weixel v. Bd. of Educ.*, 287 F.3d 138, 145-46 (2d Cir. 2002).

For the purposes of Rule 12(b)(6), the complaint is deemed to include writings and documents attached to the complaint, referenced in the complaint, or integral to the complaint. *See* Fed. R. Civ. P. 10(c); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). A document is "integral" to the complaint where "the complaint relies heavily upon its terms and effects." *Chambers*, 282 F.3d at 153 (citations omitted). "A plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Id*.

## II. Equitable Tolling

To maintain an action under Title VII, a plaintiff must file a claim in federal court within ninety days after receiving the EEOC's decision letter granting the claimant the "right to sue." 42 U.S.C. § 2000e-5(f)(1). The Second Circuit interprets this timeliness requirement as a statute of limitations. *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984); *Rasmussen v. Sigma Corp.*, 27 F. Supp. 2d. 388, 391 (E.D.N.Y. 1998). The ninety-day requirement is subject to equitable tolling. *Johnson*, 731 F.2d at 145-46 (citing *Zipes v. Trans World Airlines*, *Inc.*, 455 U.S. 385, 398 (1982)).

In this instance, plaintiff filed his complaint approximately five months after the

ninety-day period had expired. Therefore, to maintain this action, plaintiff must demonstrate that equitable tolling applies. *Boos v. Runyon*, 201 F.3d 178, 184-85 (2d Cir. 2000). "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period [he] seeks to have tolled, and (2) has proved that that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (internal quotation marks and citation omitted). The Second Circuit has emphasized that reasonable diligence does not require "extreme" or "exceptional" diligence. *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003). With respect to the second prong, the Second Circuit has found that there may be sufficiently extraordinary circumstances where an attorney misleads his client into believing that that the complaint has been timely filed, even if done unintentionally. *See Torres v. Barnhart*, 417 F.3d 276, 280 (2d Cir. 2005).

After drawing all reasonable inferences in plaintiff's favor and assuming that his assertions are true, the court finds that the circumstances here warrant equitable tolling. Plaintiff was reasonably diligent throughout the relevant period. Within a week of receiving his EEOC letter, he contacted his attorney's office and spoke with Ms. Gambardella, his attorney's assistant. He followed up a week later, and was told by Ms. Gambardella that his case was properly filed and that they were waiting for a court date.[2] He continued to inquire on a

---

[2] Contrary to defendants' contention, Ms. Gambardella's statements are not hearsay. Her statements are not offered to prove that the attorney had filed plaintiff's complaint. Instead, plaintiff offered these statements to prove that he reasonably believed his attorney had filed his Title VII action, and therefore, equitable tolling applies. *See* Fed. R. Evid. 801(c).

bi-weekly basis and received the same assurances each time.

The court does not agree with defendants' assessment that plaintiff's failure to speak directly with his attorney amounts to a lack to reasonable diligence, or that it was unreasonable for plaintiff to rely on the statements of the attorney's assistant. As an initial matter, plaintiff states that he was instructed by both his attorney, Robert J. Renna, and Ms. Gambardella that his case was being handled in a timely matter. Furthermore, given the simplicity of the inquiry, one could reasonably assume, if not expect, that the assistant was authorized to act on behalf of the attorney to answer this clerical question.

Defendants' contention that plaintiff had an obligation to personally inquire with the court on the status of his case is without merit because he was represented by counsel who informed him that his case was timely filed. In *Torres*, the Social Security Administration mailed the right-to-sue letter on May 21, 2002, giving the plaintiff sixty days to file his suit. 417 F.3d at 277. On May 31, 2002, he obtained counsel to assist him with filing the required paperwork, and the attorney assured him that his case would be properly handled. *Id*. The plaintiff did not personally contact the court until more than two months after the sixty-day period had passed when he received a letter from the Social Security Administration rejecting his new claim for benefits. *Id*. at 278. When plaintiff received this letter, he called his attorney to report this development, and during that conversation, he learned that the attorney never filed his lawsuit. *Id*. In that case, the plaintiff's failure to personally contact the court after he retained counsel did not foreclose the possibility of equitable tolling. *See id*. at 278-80. Accordingly, at this stage of the litigation, the court finds that *pro se* plaintiff has alleged sufficient facts to support equitable tolling of the time limitations for filing this cause of action for employment

discrimination.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is denied.

SO ORDERED.

DATED: Brooklyn, New York
March 15, 2009

                                                              /s/
                                      DORA L. IRIZARRY
                                    United States District Judge